1  ALEXANDER KUGELMAN (SBN 255463)
   alex@kugelmanlaw.com
2  Kugelman Law, P.C.
   700 Larkspur Landing Cir., Suite 109
3  Larkspur, CA 94939
   Telephone: (415) 548-1125
4  Facsimile: (415) 534-9441

5  Attorney for Petitioners

6                   **UNITED STATES DISTRICT COURT**
                 **NORTHERN DISTRICT OF CALIFORNIA**
7

8  DAVID A. STURMAN and CELINDA M.            Case No. _____
   STURMAN,
9
                                              **PETITION TO QUASH SUMMONSES**
10                 Petitioners,
                                              ***RE*:  THIRTY-SEVEN (37) SUMMONSES**
11          v.                                **ISSUED BY THE INTERNAL REVENUE**
                                              **SERVICE**
12  UNITED STATES OF AMERICA,

13                 Respondent.                Hearing:  To be Determined

14

15

16          Petitioners David A. Sturman and Celinda M. Sturman hereby petition this Court,

17  pursuant to 26 U.S.C. § 7609(b), for an order quashing the thirty-seven (37) Summonses issued

18  to third-parties by the Internal Revenue Service, and in support thereof allege as follows:

19                              **THE PARTIES**

20          1.   Petitioners David A. Sturman and Celinda M. Sturman ("Petitioners") are husband

21  and wife residing in San Mateo County, California.

22          2.   Respondent is the United States of America, which has acted through its agency, the

23  Internal Revenue Service ("IRS"), which has offices throughout the Northern District of

24  California, and more specifically with an Internal Revenue Service office located at including at

25  55 South Market Street, San Jose, California 95113.

26                          **JURISDICTION AND VENUE**

27          3.   This Court has jurisdiction to hear this Petition pursuant to the provisions of 26

28  U.S.C. § 7609(h) and 28 U.S.C. § 1331.

---

4.    Venue is proper pursuant to 28 U.S.C. § 1391(e) because the respondent is the United States and a substantial part of the events or omissions giving rise to the claim has or is to occur in Santa Clara County, California.  Specifically, each Summons at issue was issued, served and calls for delivery of the requested documents to take place in San Jose, California which is in Santa Clara County.  Furthermore, the summoned parties have a principal office or do business in San Mateo, Santa Clara, or San Francisco Counties.

## BACKGROUND

5.    Petitioners received a letter dated March 2, 2020 from IRS Revenue Agent James F. Oertel ("Revenue Agent Oretel") notifying them that their 2017 income tax return had been selected for audit.  A copy of the March 2, 2020 letter is attached as **Exhibit A**.

6.    As of the date of this Petition, Petitioners have not received any correspondence from the IRS notifying them that any other tax return or tax year is under audit.

7.    On October 27, 2020, attorney Mindy S. Meigs spoke to Revenue Agent Oertel's supervisor, Nicholas Connors, who stated that the audit was opened as a result of a referral from the IRS Collection Division.

8.    Petitioners have no outstanding Federal tax liabilities.

9.    Several corporations owned by Petitioner David Sturman, however, have unpaid Federal payroll liabilities (penalties and interest, not tax) for quarters in 2009, 2010 and 2011.

## THE SUMMONSES AND NOTICE

10.    Revenue Agent Oertel issued a Summons (IRS Form 2039), dated October 9, 2020, to each of the thirty-seven (37) parties identified below, requiring production of records on November 6, 2020 (collectively as "the Summonses").  A copy of each Summons, as redacted, is attached as **Exhibit B**.

| | |
|---|---|
| Bank of America | Meracord LLC |
| Citibank, N.A. | DovenMuehle Mortgage, Inc. |
| Comerica Bank | eBay, Inc. |
| First National Bank Mid-Cities | Paypal Holdings, Inc. |
| JPMorgan Chase Bank, N.A. | Airbnb, Inc. |
| MUFG Union Bank, N.A. | Abode Services |
| Summit Bank | Elite Pacific Properties LLC |

| | |
|---|---|
| Umpqua Bank | New York Life Insurance Company |
| Wells Fargo Bank | West Marine Products, Inc. |
| Westamerica Bank | Bittrex, Inc. |
| Union Bank, N.A. | Bulbul Investments, LLC |
| United Business Bank | Circle Internet Financial, Inc. |
| U.S. Bank National Association | Coinbase, Inc. |
| Evergreen Note Servicing | Gemini Trust Company, LLC |
| Escrow Technologies, Inc. | Genesis Trading |
| First American Title Insurance Company | Paxos Trust Company |
| Fidelity National Title Insurance Company | Payward, Inc. dba Kraken |
| Old Republic National Title Insurance Company | Poloniex |
| North American Title Insurance Company | |

11.  The nine (9) Summonses issued to Bittrex, Inc., Bulbul Investments, LLC, Circle Internet Financial, Inc., Coinbase, Inc., Gemini Trust Company, LLC, Genesis Trading, Paxos Trust Company, Payward, Inc. dba Kraken, and Polinex, request documents for the following period:

> The following requests apply to the period or periods beginning with the inception of any Covered Account through December 31, 2018.

12.   All other Summonses identified in paragraph 8., above, request "ALL documents" relating to Petitioners "and their businesses" for the period described as "tax years ended December 31, 2017 and December 31, 2018."

13.  Petitioners received notice of the Summonses on or about October 15, 2020.

14.  As of the date of this Petition, notice of the Summonses identified in paragraph 8., above, has not been given to any of the "businesses" owned by Petitioners.

## <u>THE SUMMONSES SHOULD BE QUASHED</u>

15.  The grounds upon which a District Court must quash an IRS summons are well established.  The burden of resisting a motion to quash the summons rests with the United States.  "To defeat a petition to quash, or to enforce a summons, the government must establish that (1) the investigation is being conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code."  *Crystal v. United States*, 172 F.3d 1141, 1143–44 (9th Cir. 1999) (emphasis added) (citing *United States v. Powell,* 379 U.S 48, 57–58 (1964)).

16.  The grounds upon which the Summonses identified in paragraph 8., above, should be quashed are as follows:

### a.  The Summonses Were Issued for an Improper Purpose

The Summonses were issued for the purpose of harassing and damaging Petitioners' reputation and economic life.

More than 40 years ago, the Supreme Court stated that the duty of the District Court with respect to an IRS summons was "to see that a legitimate investigation was being conducted and that the summons was no broader than necessary to achieve its purpose." *United States v. Bisceglia*, 420 U.S. 141, 146 (1975).  The Supreme Court expounded on the District Court's role by stating, "[o]nce a summons is challenged it must be scrutinized by a court to determine whether it seeks information relevant to a legitimate investigative purpose and is not meant 'to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.'" *Id.* at 151 (citing *Powell*, 379 U.S. at 58).

An enforcement proceeding is not a judicial "rubberstamp" of an IRS summons. Rather, the District Court must conduct its own independent review of the evidence to ensure that the IRS is not overreaching, engaging in harassment, acting in bad faith, or otherwise attempting to abuse the summons power or the process of the court.  *See Powell*, 379 U.S. at 58. Courts "recognize that the authority vested in tax collectors may be abused, as all power is subject to abuse."  *United States v. Bisceglia*, 420 U.S. 141, 146 (1975).  Thus, the IRS may not issue a summons "to conduct 'fishing expeditions' into the private affairs of taxpayers."  *Id*. at 150-51.

Issuing thirty-seven (37) Summonses, all on the same date, is alone sufficient evidence of a design by the IRS to harass Petitioners.  Indeed, it reeks of a fishing expedition.  In addition, there are indications that the IRS is retaliating against Petitioners because penalties and interest on employment taxes assessed against corporations owned by Petitioner David A. Sturman have gone unpaid.

**b.  The Records Sought in the Summonses are Not Relevant**

The IRS is auditing Petitioners' 2017 individual income tax return.  They have not been notified that their 2018 return, or return for any other year, is under audit.  Yet some or all the Summonses seek information for 2018, as well as unspecified periods prior to 2018.

The nine (9) Summonses identified in paragraph 11., above, seek account records from the inception of the account through December 31, 2018.

The remaining twenty-eight (28) Summonses are vague, overbroad and seek records not relevant to the tax year under audit.  The Summonses seek "ALL documents" regardless of the nature, type and relevance to the audit.   The Summonses seek records for a period identified as "tax years ended December 31, 2017 and December 31, 2018."  Tax year is not defined in the Summonses.  A tax year is not necessarily the same as a calendar year.

The Summonses also seek records related to Petitioners' "businesses."  The term "businesses" is not defined in the Summonses and could erroneously result in the summoned parties producing records related to corporations owned by Petitioner David A. Sturman.

Because the time periods and records sought are not described with reasonable certainty as required by 26 U.S.C. § 7603(a), and the Summonses seek records relating to Petitioners' businesses, the Summonses are vague, overbroad, and seek records that are not relevant to the tax year under audit.

**c.  IRS Failed to Comply with Internal Revenue Code Procedures**

The IRS failed to comply with administrative and statutory procedures in noticing and serving some or all of the Summonses.

Pursuant to 26 U.S.C. § 7609(a)(1), notice of a third-party Summons is required to be given to the persons identified in the summons (other than the summoned person) by certified or registered mail within three (3) days after the summons is served, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined.

Petitioners received notice of the Summonses on or about October 15, 2020 which is more than three days after the Summonses were served and less than 23 days before the records are to be produced.  Moreover, the Summonses reference "businesses" owned by Petitioners, yet

1   notice of the Summonses was not given to any of the "businesses" owned by Petitioners as

2   required by 26 U.S.C. § 7609(a)(1).  Consequently, notice given for all thirty-seven (37)

3   Summons was not sufficient.

4        Pursuant to 26 U.S.C. § 7603(a), an IRS Summons must be delivered by hand or left

5   at the last and usual place of abode of the person summoned.  Third-party recordkeepers,

6   however, may be served by certified or registered mail.  *See* 26 U.S.C. § 7603(b)(1).  There are

7   ten categories of entities that are "third-party recordkeepers."  26 U.S.C. § 7603(b)(2)(A)-(J).

8   These include banks and credit unions, consumer reporting agencies, persons extending credit

9   through the use of credit cards or similar devices, securities brokers, attorneys, accountants,

10   barter exchanges, regulated investment companies, enrolled agents and owners or developers of

11   computer software source code (as elsewhere defined).  *Id*.

12        Of the thirty-seven (37) Summons, only thirteen (13) were issued to banks, and thus,

13   qualify as third-party recordkeepers.  Thus, service by registered or certified mail, which

14   undoubtedly occurred, is not sufficient.

15           **REQUEST FOR EVIDENTIARY HEARING AND DISCOVERY**

16      17.  A party who alleges facts from which an improper purpose for issuance of a

17   summons can be inferred is entitled to an evidentiary hearing and an opportunity to question the

18   party that issued the summons.  *United States v. Clarke*, 573 U.S. 248 (2014).  Because an

19   improper purpose can be inferred from the facts alleged in paragraphs 1. through 16.(a)-(c).,

20   above, Petitioners are entitled to an evidentiary hearing in this case.

21                 **PRAYER FOR RELIEF**

22      WHEREFORE, Petitioners David A. Sturman and Celinda M. Sturman pray as follows:

23      a)  That this Court quash the Summonses identified in paragraph 8., above;

24      b)  Alternatively, if this Petition to Quash is not granted in full, that the Court limit the

25   scope of documents sought by the Summonses issued to documents and records relating only to

26   accounts titled in the name of Petitioners for calendar year 2017, which is the only tax period

27   under audit by the IRS.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

c)  That this Court grant Petitioners their costs plus such other and further relief as may be just and proper.

Respectfully submitted,

Dated:  October 28, 2020          By: _/s/Alexander Kugelman_

Alexander Kugelman (SBN 255463)
KUGELMAN LAW, P.C.
700 Larkspur Landing Cir., Suite 109
Larkspur, CA 94939
Telephone: (415) 548-1125
Facsimile: (415) 534-9441
Email: alex@kugelmanlaw.com

Attorney for David A. Sturman and
Celinda M. Sturman