UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A STURMAN, et al.,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 20-cv-07564-JSC<br>Case No. 20-cv-07787-JSC<br><br>**ORDER RE: MOTIONS TO DISMISS AND DENY PETITIONS TO QUASH SUMMONSES**<br><br>Dkt. No. 15 |
| ASSOCIATED SYSTEMS APPLICATION PROFESSIONALS, INC.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | |

Petitioners filed lawsuits against the Internal Revenue Service ("IRS") seeking to quash IRS summonses issued to their financial institutions, among other entities. After the petitions were filed, the IRS withdrew many of the summonses; however, it still seeks records from financial institutions about Petitioners and their related businesses. Now pending before the Court is the IRS's motion to dismiss the petitions as to the withdrawn summonses as moot and deny the petitions as to the remaining financial institution summonses. After carefully considering the parties' written submissions, and having had the benefit of oral argument on April 1, 2021, the Court GRANTS the motion to dismiss the petitions seeking to quash the withdrawn summonses and denies the petitions to quash the outstanding summonses.[1]  Petitioners do not dispute that

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. *See Associated Systems*, Case No. 20-cv-7787 JSC (Dkt. Nos. 6, 12); *Sturman*, Case No. 20-cv-

there is no case or controversy as to the withdrawn summonses. As for the remaining summonses, the IRS has met its prima facie burden of satisfying the *Powell* factors and Petitioners have not met their burden of showing bad faith or an improper purpose sufficient to be entitled to an evidentiary hearing.

## LEGAL STANDARD

The IRS may issue a summons for "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability . . . ." 26 U.S.C. § 7602(a). "Section 7609(b)(2)(A) permits a taxpayer identified in an IRS summons served on a third party recordkeeper to begin a proceeding to quash the summons; in turn, the government may seek to compel compliance." *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999).

To resist a petition to quash an IRS summons, the IRS must establish "good faith" by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *Crystal*, 172 F.3d at 1144 (internal quotation marks and citation omitted). "The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Id.* (internal quotation marks and citation omitted). Indeed, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." *Id.* (internal quotation marks and citation omitted).

Once the government has met its burden in establishing the *Powell* elements, the respondent bears a "heavy" burden to show the IRS's bad faith or that the summonses were issued for an improper purpose. *Id.* "The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." *Id.* (internal quotation marks and citation omitted).

---

7564 (Dkt. Nos. 8, 14).

2

## ANALYSIS

The IRS has met its prima facie burden. The summonses seek "COPIES of ALL documents of ALL ACCOUNTS, including, not limited to, ACCOUNTS . . . relating to [Petitioners] and their businesses" for the tax years ended December 31, 2017 and December 31, 2018." (*Sturman*, Case No. 3:20-cv-7564-JSC, Dkt. No. 1-2 at 1.)[2] The investigating agent, James Oertel, declares that the IRS issued the summons because it is investigating Petitioners' tax liability for the 2017 and 2018 tax years. To that end, the IRS issued summonses to the financial institutions that

> seek documents from banks of all accounts concerning the [Petitioners] for tax years ending on December 31, 2017 and December 31, 2018. The information sought by the summonses will show the source and amount of deposits into [the Petitioners'] bank accounts during those years. I issued the summonses to these banks because I have evidence showing that [the Petitioners] previously held accounts at these financial institutions and [they] may still hold accounts with them in the years under examination.

(*Sturman*, Case No. 3:20-cv-7564-JSC, Dkt. No. 15-1 at 5-6 ¶ 12; *Associated Systems*, Case No. 3:20-cv-7787-JSC, Dkt. No. 13-1 at 4 ¶ 10.) The IRS does not possess the sought-after financial records. Agent Oertel also testifies that he provided written notice of the IRS investigation and issuance of the summonses to Petitioners in accordance with IRS administrative procedures. (*Sturman*, Case No. 3:20-cv-7564-JSC, Dkt. No. 15-1; *Associated Systems*, Case No. 3:20-cv-7787-JSC, Dkt. No. 13-1.) Thus, Agent Ortel's declaration satisfies all four *Powell* elements.

Petitioners' insistence that the summonses do not seek relevant documents (the second *Powell* factor) is unpersuasive. While they do not dispute that financial records in their name are relevant, they dispute the relevance of financial records related to their businesses. According to Petitioners, Petitioner David Sturman is the "sole shareholder" of more than 15 corporations and the records of those corporations are not relevant to the tax liability of Petitioners personally. The Court disagrees. Materials requested from a third party pursuant to an IRS summons are relevant if the material might throw "light upon the correctness of the return." *Arthur Young & Co.*, 465

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

U.S. 805, 815 (1984) (internal quotation marks and citation omitted). This standard requires the IRS to demonstrate that it has a "realistic expectation rather than an idle hope that something might be discovered." *David H. Tedder & Assocs., Inc. v. United States*, 77 F.3d 1166, 1169 (9th Cir. 1996) (internal quotation marks and citation omitted). Common sense dictates that bank records related to a corporation of which the taxpayer is the sole shareholder might throw light on the correctness of the taxpayer's own return or the return of another corporation solely owned by the taxpayer. It is thus unsurprising that Petitioners do not cite a single case to support their lack of relevance argument.

Petitioners next contend that because the IRS seeks records relating to Petitioners and their businesses, the IRS was required to give notice of the summonses directly to those businesses; it is undisputed that no such notice was provided. The statute upon which Petitioners rely, however, expressly states that notice shall be given to any person "identified in the summons." *See* 26 U.S.C. § 7609(a)(1). The implementing regulation explains:

> (IRS) shall give notice of a third-party summons to any person, other than the person summoned, who is identified in the summons. The only persons so identified are the person with respect to whose liability the summons is issued and any other person identified in the description of summoned records or testimony. For example, if the IRS issues a summons to a bank with respect to the liability of C that requires the production of account records of A and B, both of whom are named in the summons, the IRS must notify A, B and C of the summons.

26 C.F.R. § 301.7609-2(a)(1). Petitioners' notice argument is without merit.

As the IRS has met its prima facie burden, Petitioners thus bear the heavy burden of showing that the summonses that sought their businesses records were issued for an improper purpose. They contend in their papers that the IRS issued the summonses to pressure them to settle a collateral dispute regarding the tax liability of many of their corporations. *See United States of America v. Associated Systems Application Professionals, Inc. et al.*, 20-cv-9101 TSH ("the Judgment Action"). In that action, filed in December 2020, the United States seeks to reduce to judgment the unpaid federal tax assessments made against the defendant corporations.

In support of their bad faith assertion, Petitioners note that in connection with evaluating

4

their tax liability, the IRS originally issued 45 summonses but then withdrew the majority of them after they filed their Petition. Further, the audit into Petitioners' tax liability was opened upon referral from the collections department and the United States is seeking to have the judgments it is seeking against their corporations entered against them personally. Finally, they insist that the IRS's refusal to respond to their FOIA requests means that the IRS does not have enough evidence to require Plaintiffs to personally pay their corporations' overdue tax payments. At oral argument, Petitioners clarified that their bad faith argument boils down to an assertion that the IRS is using the summonses at issue here to obtain evidence to use against Petitioners to hold them liable for the judgments sought to be entered against their corporations. In other words, the summonses are actually intended to be used in the Judgment Action rather than to determine Petitioners' own tax liability for 2017 and 2018.

When a taxpayer makes an allegation of IRS bad faith as to the issuance of a summons, "the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge." *United States v. Clarke,* 573 U.S. 248, 254 (2014). The facts and circumstances alleged here do not plausibly raise an inference of bad faith.

First, that the audit was opened upon a referral from the collections department does not plausibly support an inference of bad faith; to the contrary, if multiple corporations solely owned by Petitioners are not paying their taxes then it is reasonable for the IRS to investigate Petitioners themselves. To hold otherwise would insulate Petitioners from audit merely because their solely-owned corporations have been audited and found to owe tens of thousands of dollars to the United States government. That result does not make sense.

Second, the IRS's withdrawal of some of the summonses also does not support a plausible inference of bad faith. Petitioners do not allege any facts that support an inference that the withdrawn summonses were completely without merit; instead, their withdrawal appears to have been a reasonable effort to resolve the dispute. To hold that the withdrawal of summonses itself supports a plausible inference of bad faith would force the IRS to refuse to compromise when

faced with a motion to quash, even if willing to do so.  Such an outcome is not in the interests of justice.  Further, the conduct does not support an inference that the summonses that the IRS is still pursuing were issued in bad faith.

Third, the allegation as to the FOIA requests does not support any inference of bad faith. If Petitioners believe the IRS improperly withheld documents, FOIA provides a remedy that Petitioners have not pursued.

Finally, the pendency of the Judgment Action does not plausibly support an inference of bad faith.  Petitioners speculate that the IRS is using the pretext of an audit of them personally to assist with efforts to hold Petitioners personally liable for the deficient tax liabilities of their corporations being sought in the Judgment Action.  But they do not explain how investigating Petitioners' tax liabilities for 2017 and 2018 will help the IRS prove that Petitioners should be held responsible for the tax liabilities that their companies originally incurred more than 10 years ago.  And while using a summons to circumvent discovery rules could be bad faith, *see United States v. Clarke,* 816 F.3d 1310, 1317 (11th Cir. 2016), Petitioners have not shown that the IRS would not be entitled to discover such documents in the Judgment Action itself; in other words, no allegations suggest that these summonses are being used to circumvent the Federal Rules of Civil Procedure.  Further, assuming that the documents sought by the subpoenas could also be used by the IRS in the Judgment Action, such dual motive does not make the IRS's investigation of Petitioners "totally pretextual."  *S. Crow Collateral Corp. v. United States,* 782 F. App'x 597, 599 (9th Cir. 2019).

In *S. Crow*, for example, the petitioners made a similar argument. The IRS was investigating whether Crow had promoted abusive tax schemes and issued a summons to a third party for records relevant to the real estate purchases of Crow's company, SCCC.  *Id.* at 598. Crow and SCCC argued that the IRS issued the summons for an improper purpose; namely, to obtain the names of SCCC's counterparties in order to audit those taxpayers.  *Id*.  The Ninth Circuit, reviewing the issue de novo, held that Crow and SCCC had not met their burden of showing facts and circumstances sufficient to support a plausible inference of bad faith such that they were entitled to an evidentiary hearing.  In particular, the court held that Crow and SCCC had to "point to specific facts and circumstances that raise a plausible inference that the IRS'

6

investigation of Crow and SCCC was *totally pretextual*, not just that the IRS was *also investigating the tax liability of SCCC's counterparties.*" *Id.* at 599 (emphasis in original); *see also Schwartz v. United States*, No. 14-62609, 2015 WL 4104610, at *2 (S.D. Fla. May 26, 2015) (*citing Tiffany Fine Arts, Inc.*, 469 U.S. 310, 317 n. 5 (1985)) (holding that the assertion that the IRS is seeking information relating to audits of other taxpayers, even if true, does not render a summons illegitimate if there is another legitimate purpose of its issuance).

Petitioners here argue that the subpoenas are merely a subterfuge for obtaining documents to prove that they should be held personally liable for the debts of their corporations in the Judgment Action. But they point to no facts or circumstances that remotely suggest that even if that motive exists the IRS is not also interested in their own personal tax liability. As Agent Oertel's affidavit explains, the outstanding summonses are to financial institutions at which the IRS believes Petitioners or their solely-owned businesses hold or held accounts and therefore are relevant to whether they paid the appropriate amount of taxes for 2017 and 2018.

## CONCLUSION

For the reasons explained above, Respondents' motions to dismiss and to deny are GRANTED. Petitioners shall respond to the outstanding summonses.

This Order disposes of Case No. 3:20-cv-07564-JSC, Dkt. No. 15, and Case No. 3:20-cv-07787-JSC, Dkt. No. 13. The Clerks shall close both cases.

**IT IS SO ORDERED.**

Dated: May 12, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge